UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID BOERSEMA, | |
| Plaintiff, | Case No. _____ |
| v. | |
| STONEMOR PARTNERS, L.P., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, David Boersema, by and through his attorneys, Christi Wallace, Esquire and Christopher DelGaizo, Esquire of Kraemer Manes & Associates LLC, and files this Complaint alleging as follows:

### I. Nature of the Action

1.      Plaintiff brings this Complaint to recover damages under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§621-623, and the PHRA 43 P.S. §§951-963.  Plaintiff was told on numerous occasions that Defendant wanted to move in a "younger direction" and Plaintiff was subsequently fired because of his age.

### II. Jurisdiction and Venue

2.      This action arises under the ADEA, 29 U.S.C. §§621-623.   This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3.      This Court has supplemental jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1367(a).

4.     A substantial part of the events or omissions giving rise to the claims occurred in Eastern Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. Parties

5.     Plaintiff, David Boersema ("Plaintiff"), has his primary residence at 7840 Spencer Brook Drive, Summerfield, NC 27358.

6.     Defendant, StoneMor Partners, L.P. is a business located at 311 Veterans Hwy, Suite B, Levittown, PA 19056.

### IV. Facts

7.     Plaintiff started working for Defendant in 2000 as an Area Manager.

8.     Due to excellent sales numbers, Plaintiff was promoted to Regional Vice President of Sales ("RVP") in 2005.

   a.   Plaintiff's numbers were so stellar that he received an award for RVP of the year for 2006, 2007 and 2008. He was the highest performing RVP of all regions.

9.     In January of 2013, for the first time ever, RVP's were evaluated with an employee development plan.

   a.   Plaintiff was given a rating of 4.2 from January 1, 2013 through January 1, 2014. According to his review, he received mostly 3-5 ratings for everything on a scale of 1-5.

   b.   Plaintiff also received a positive performance review for the 2014 year as well.

10.    During his time working for the Defendant, Plaintiff has been discriminated against and subsequently terminated because of his age.

2

11.     Despite Plaintiff's stellar performance, at the end of September 2014, he was called into a meeting with Vaughan Giwa ("Mr. Giwa"), Western Division Vice President of Sales, and Megan Doran, Human Resources Representative.

    a.  Plaintiff was being disciplined because in the previous 19 months his sales budget was at 93%.

    b.  At the time of the discipline, Mr. Giwa told Plaintiff, "don't worry, this is just a wakeup call, you're already doing all these things. This is coming from Dave Meyers ("Mr. Meyers"), COO. Keep doing what you are doing and you will be fine."

    c.  Plaintiff later spoke with Mr. Meyers about this write up.  Mr. Meyers said, "you aren't going to be fired, just do your job."

12.     On February 12, 2015, despite Plaintiff's stellar performance and awards, Mr. Giwa and Mark Brown, Supervisor of Human representative, terminated Plaintiff for performance issues.

13.     Plaintiff was not terminated for "performance issues" but because of his age.

    a.  Plaintiff had a 93% sales budget and was terminated despite other, younger workers having lower numbers than him.

        i.  Another RVP, Kelly Houlata ("Ms. Houlata"), who is in her late thirties, also had performance issues but was not terminated.

            1.  Ms. Houlata was well under her sales budget.  Instead of being terminated, Mr. Giwa reduced her budget by $800,000 making it easier for her to make her budget.

3

2. Ms. Houlata had performance issues but was not terminated because she is young.

    ii. Anthony Circonne ("Mr. Circonne") was in his forties when he was hired as an RVP.

        1. He had issues reaching his sales budget yet he was also not terminated.

b. Plaintiff was also told, by former co-worker, Ruth Thornquest ("Ms. Thornquest"), that she was told by Jim Lentz ("Mr. Lentz"), Eastern Vice President of Sales, and Mr. Giwa that, "the company is taking a new direction. The Company is looking for younger people for the new direction."

c. This so-called "new direction" was a euphemism for a transition to a younger workforce because when Plaintiff was looking to hire a new Chief Operating Officer, Ms. Thornquest was told by Board Member, Mr. Heilman, and Penny Casey, Vice President of Human Resources, that the Company wanted "a younger candidate to take over. They wanted someone who could be in place for the next 25 years."

d. Plaintiff did not fit into this "new direction."  As soon as he was terminated, his position was filled by a younger RVP, Pat Richey ("Mr. Richey"), who is in his late thirties.

14.    Defendant also has a history of discriminating against its workers based on age. Plaintiff has been a witness to multiple other employees being discriminated against based on their age.

a. Former workers of the Defendant have filed lawsuits alleging age discrimination.

4

    i.  In 2013, a similarly situated individual, Daniel Cusma ("Mr. Cusma"), filed suit against Stonemor Partners, L.P. in the United States District Court, Northern District of Ohio, Eastern Division alleging age discrimination. This case is docketed at Case: 5:13-CV-01555. The matter was confidentially settled shortly after the initial Complaint.

        1.  The Cusma case is significant because it involves many of the same individuals and represents an unlawful pattern and practice. Mr. Meyers, a man with no experience in the industry or in a RVP position, who was almost twenty-five years younger than Mr. Cusma was promoted over Mr. Cusma.

        2.  When Mr. Cusma was fired, Mr. Circonne, a younger worker, was hired to replace him.

    ii.  Ms. Thornquest has also filed a lawsuit in the United States District Court for the Western District of Pennsylvania alleging similar age discrimination.  The case is docketed at 2:15-cv-01312-TFM.

  b.  Another example of rampant age discrimination by the Defendant became evident when the Head of Payroll position became available.

    i.  Chris Sterrit ("Ms. Sterrit"), a woman in her mid-fifties had worked in the payroll department for the Defendant since 1999 and had previously worked for the owner of the company for fifteen years prior.

    ii.  Ms. Sterrit has thirty years of experience in payroll working for Defendant.

    iii.   She was denied the position as Head of Payroll and the position was given to a Human Resources employee with no payroll experience who is twenty-five years younger than Ms. Derrick.

   c.   Another employee, Patty Konen ("Ms. Konen"), wrote a seven-page letter to Larry Miller, CEO, about unfair treatment by Defendant.  This letter would have put Defendant on notice of the discriminatory treatment occurring. Although Defendant had notice, nothing was done and Plaintiff suffered because of it.

## V. Allegations

### Count I
### Discrimination in Violation of the ADEA and PHRA

15.    The preceding paragraphs are incorporated herein as if set forth at length.

16.    The Plaintiff is a member of a protected class under the ADEA and PHRA.

17.    Plaintiff was 65 years old when he was terminated.

18.    Plaintiff was made aware that Defendant "is taking a new direction" and that "we want younger people in here."  As a result, Defendant discriminated against Plaintiff in violation of the ADEA and PHRA in the following ways:

   a.   Defendant has made comments about wanting to hire younger employees because the "company is taking a new direction" and that "we want younger people in here."

   b.   Plaintiff was unjustly disciplined (and eventually terminated) for having a sales budget of 93% although other, younger RVP's with sales budgets below 90% were never disciplined.

    i.   Ms. Houlata had failed to reach her sales budget and wasn't terminated.

6

    ii.  Mr. Giwa had consistent low numbers for three years. He never reached his quota yet he was promoted to National Vice President of Sales.

    iii.  Mr. Circonne was under his budget yet wasn't terminated either.

c.  Plaintiff was unjustly disciplined so Defendant would have "cause" to terminate him even though it was because of his age.

d.  Plaintiff was terminated for performance while younger employees with worse performance have kept their positions or have subsequently been promoted.

e.  Plaintiff was unjustly terminated on February 12, 2015.

f.  Plaintiff was replaced by a younger, less experienced employee, Mr. Richey, who is in his late thirties.

g.  Plaintiff, along with other long time employees have been terminated and replaced a younger, less experienced employees.

**Request for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants for the following:

a.  Loss of wages for fifteen years in excess of $2,220,000;

b.  Punitive damages against the named Defendant in excess of $200,000;

c.  Plaintiff's legal fees in excess of $30,000;

d.  Pre-judgment and continuing interest;

e.  Court costs; and

f.  Other such relief as the Court may deem just and proper.

/s/ Christopher DelGaizo
Christopher DelGaizo, Esquire
**KRAEMER, MANES & ASSOCIATES LLC**

7

PA ID: 200594
1150 1st Avenue, Suite 501
King of Prussia, PA 19406
(610) 616-5690 Direct
cd@lawkm.com


/s/ Christi Wallace_____
Christi Wallace, Esquire
**KRAEMER, MANES & ASSOCIATES LLC**
PA ID: 313721
US Steel Tower
600 Grant St, Suite 660
Pittsburgh, PA 15219
(412) 722-9700 Direct
(412) 206-0834 Fax
cw@lawkm.com